SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**MATTHEW C. NELSON, OSB #104602**
Special Assistant United States Attorney
Matthew.Nelson@dcda.us
405 East 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**EUGENE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:24-cr-00361-MTK** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **RUSSELL IAN BOGGESS,** | |
| **Defendant.** | |

In July 2024, defendant, Russell Ian Boggess, robbed a cannabis dispensary in Bend at gunpoint. Defendant, armed with a 9mm handgun he had assembled himself and with a bandana covering his face, pointed the firearm at an employee and demanded that she give him the marijuana stored behind the counter. While making the demand, defendant pointed the gun slightly to her right and attempted to fire it. However, the gun jammed. He then walked behind the counter and took the marijuana himself. When the employee attempted to call 911, he struck her with the firearm causing physical injury.

To promote accountability for this dangerous armed robbery while recognizing the parties' negotiated resolution, the United States and Defendant jointly recommend a sentence of 121 months' imprisonment, followed by five years of supervised release. The proposed sentence includes the mandatory consecutive 84-month term required by 18 U.S.C. § 924(c)(1)(A)(ii) and a 37-month sentence on Count One. During that term of supervised release, this Court should enforce the prohibition on using controlled substances, including marijuana.

## BACKGROUND

The facts are accurately set forth in paragraphs 16 through 23 of the Presentence Investigation Report ("PSR"), which are incorporated herein by reference.

### A. The Offense Conduct

On July 23, 2024, Defendant entered Top Shelf Medicine, a cannabis dispensary in Bend, Oregon. Defendant was wearing a mask, carrying a black garbage bag and armed with 9mm handgun. Inside the dispensary were Adult Victim 1 (AV1) and Adult Witness 1 (AW1) who were employees. PSR ¶ 16.

Defendant approached AV1, who was working behind the counter, pointed the firearm at her, told her "This is a robbery. Put all the weed in the bag." While the gun was still pointed in AV1's general direction, Defendant pointed the gun slightly to the side of AV1 and pulled the trigger. The gun jammed and did not fire. Defendant attempted to rack the slide of the gun and fire once again. However, it again jammed and did not fire. PSR ¶ 17.



Defendant then proceeded to walk around the counter and put roughly $100 worth of marijuana into his bag. While this was ongoing, AV1 attempted to call the police. However, defendant attempted to take AV1's phone from her. PSR ¶ 17. During the struggle, defendant struck AV1 in the head with the gun, causing physical injury. PSR ¶ 22.



AW1, who had run out of the store, alerted another employee, Adult Witness 2 (AW2), that the dispensary had just been robbed. PSR ¶ 18. AW2 observed defendant leave the business with the bag of marijuana, confronted him and attempted to retrieve the marijuana. A passer by, Adult Witness 3 (AW3), heard AW1 yelling that the store had been robbed and saw AW2 fighting with defendant. AW3 ran over and assisted AW2 in subduing defendant until officers from the Bend Police Department (BPD) arrived. PSR ¶ 18. AW2 was able to secure defendant's firearm and provide it police. PSR ¶ 18. Both AW2 and AW3 sustained minor injuries during the altercation. PSR ¶ 23.

Officers from the BPD responded to the scene within minutes of the robbery and took defendant into custody. PSR ¶ 19. While doing so, they recovered the firearm used by Defendant in the robbery. The firearm contained a 34 round capacity magazine. PSR ¶ 19. The firearm was later test fired and was found to be operational. PSR ¶ 21.

Defendant very cooperative with law enforcement and agreed to speak with officers at BPD. During the interview, he admitted to committing the robbery. PSR ¶ 20. Prior to committing the offenses, defendant drank two beers and smoked marijuana. PSR ¶ 20. Regarding the firearm, defendant admitted that he built it from parts he ordered online. PSR ¶ 20.

## THE PLEA AGREEMENT AND GUIDELINES COMPUTATIONS

### A. The Plea Agreement

Defendant pleaded guilty to Count One, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951 and Count Three, Use and Carry of a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States

Code, Sections 924(c)(l)(A)(ii). The government will move at the time of sentencing to dismiss the remaining charge pending against Defendant (Count Two).

Count One carries a maximum sentence of twenty years imprisonment, a fine up to $250,000, three years of supervised release, and a $100 fee assessment. Count Three carries a mandatory minimum sentence of seven years' imprisonment and up to life in prison, to be served consecutively to any other sentence, a fine up to $250,000, five years of supervised release, and a $100 fee assessment.

As previously noted, the parties jointly recommend a sentence of 121 months' imprisonment, followed by five years of supervised release. The proposed sentence includes the mandatory consecutive 84-month term required by 18 U.S.C. § 924(c)(1)(A)(ii) and a 37-month sentence on Count One.

### B. Guidelines Computation

The guidelines for Count One are accurately set forth in the PSR at ¶¶ 29–39 and are consistent with those agreed-upon by the parties in the plea agreement at ¶¶ 8-9. They are outlined below:

| **Count 1: 18 U.S.C. § 1951 – Interference with Commerce by Threats or Violence** | | |
|---|---|---|
| USSG §2B3.1(a) | Base Offense Level | 20 |
| USSG §2B3.1(b)(3)(A) | Victim sustained bodily injury | +2 |
| USSG §2B3.1(b)(6) | Controlled substance taken | +1 |
| USSG § 3E1.1(a) and (b) | Acceptance of Responsibility | -3 |
| | **Adjusted Offense Level** | 20 |

The base offense level for Count 1 is 20. PSR ¶ 29. Because AV1 sustained bodily injury during the robbery, a two-level increase applies. PSR ¶ 30. A controlled substance, marijuana, was also taken during the robbery resulting in an additional one-level increase. PSR ¶

31. Due to acceptance of responsibility by defendant, a total of -3 is applied. PSR ¶¶ 37-38. Therefore, the final total offense level is 20. PSR ¶ 39.

Count Three, 18 U.S.C. § 924(c)(1)(A)(ii) imposes a mandatory minimum sentence of 84 months' imprisonment consecutive to Count 1. PSR ¶ 40.

### C. Criminal History

The Government agrees with the Criminal History for defendant as outlined in the PSR. PSR ¶¶ 43-50. The Total Offense Level for Count 1 is 20 and a Criminal History Category of III results in an advisory guideline range of 41-51 months' imprisonment.[1]

Count Three, 18 U.S.C. § 924(c)(1)(A)(ii) imposes a mandatory minimum sentence of 84 months' imprisonment consecutive to Count 1. PSR ¶ 40. Therefore, the advisory guideline range for the two offenses is a term of imprisonment between 125-135 months. PSR ¶ 80.

## DISCUSSION

Defendant's conduct in committing these offenses was exceptionally dangerous. Defendant entered a marijuana dispensary wearing a mask, carrying a firearm and a garbage bag, and demanded marijuana from the employee behind the counter. He twice pulled the trigger while the firearm remained pointed in the immediate proximity of AV1. The firearm jammed, but Defendant then struck AV1 in the head with it while struggling over her attempt to call law enforcement. His conduct thus created a grave risk of serious physical injury or death to AV1, the other employees and witnesses present, and the bystanders who intervened outside the

[1] The PSR correctly calculates Mr. Boggess' criminal history category as III. The parties' calculated his criminal history category as II, resulting in a guidelines range of 37-46 months. The government honors the parties' stipulated sentence and respectfully requests the Court adopt it and vary accordingly.

business. Putting aside the physical injury caused by Defendant's actions, the sheer terror that Defendant inflicted on AV1 is immeasurable.

The 121-month recommended sentence accounts for the seriousness of the conduct while also considering the Defendant's history and characteristics. As reflected in the PSR, Defendant has prior violent-felony convictions, had a difficult upbringing, and longstanding mental health and substance abuse issues. Those circumstances provide relevant context, but they do not lessen the seriousness of the defendant's conduct or the need to protect the public from further violent offenses.

A 121-month sentence provides substantial punishment, promotes respect for the law, and affords deterrence. It includes the mandatory consecutive seven-year firearm sentence and an additional 37 months for the robbery itself. In light of the dangerous conduct, defendant's criminal history, and the parties' negotiated resolution, that sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing under § 3553(a).

The recommended five-year term of supervised release will further protect the public and support Defendant's reentry. Given the substance-abuse history described in the PSR, the United States also requests the standard and appropriate substance-abuse evaluation, treatment, and testing conditions recommended by the Probation Department.

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court impose the parties' jointly recommended sentence of 121 months' imprisonment. Additionally, the government recommends a five-year term of supervision and a $100 fee assessment.

Dated: September 30, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

/s/ *Matthew C. Nelson*
MATTHEW C. NELSON; OSB #104602
Special Assistant United States Attorney